**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| LUMEN VIEW TECHNOLOGY LLC, : | |
| : | |
| Plaintiff, : | |
| : | |
| v. : | Civil Case No. _____ |
| : | |
| COUCHSURFING INTERNATIONAL, INC. : | **JURY TRIAL DEMANDED** |
| : | |
| Defendant. : | |
| : | |

## COMPLAINT

Plaintiff Lumen View Technology LLC ("Plaintiff"), for its Complaint against Defendant Couchsurfing International, Inc. ("Defendant"), hereby alleges as follows:

## PARTIES

1. Plaintiff is a Delaware limited liability company.

2. Upon information and belief, Defendant is a Delaware corporation having a principal place of business at 340 Kansas Street, San Francisco, CA 94103. Upon information and belief, Defendant may be served with process through its registered agent, Corporation Service Company, at 2711 Centerville Road, Suite 400, Wilmington, DE 19808.

## NATURE OF THE ACTION

3. This is a civil action for the infringement of United States Patent No. 8,069,073 (the "'073 Patent") under the Patent Laws of the United States, 35 U.S.C. § 1 *et seq*.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338(a) because this action arises under the Patent Laws of the United States, 35 U.S.C. § 271 *et seq.*

5. This Court has personal jurisdiction over Defendant because it is incorporated in Delaware and has purposely availed itself of the privileges and benefits of the laws of the State of Delaware.

6. Upon information and belief, more specifically, Defendant, directly and/or through authorized intermediaries, ships, distributes, offers for sale, sells, and/or advertises (including the provision of an interactive web page) its products and services in the United States and the State of Delaware. Upon information and belief, Defendant has committed patent infringement in the State of Delaware. Defendant solicits customers in the State of Delaware. Defendant has many paying customers who are residents of the State of Delaware and who each use Defendant's products and services in the State of Delaware.

7. Venue is proper in this judicial district as to Defendant pursuant to 28 U.S.C. §§ 1391 and 1400(b).

## THE PATENT-IN SUIT

8. Paragraphs 1-7 are incorporated by reference as if fully set forth herein.

9. On November 29, 2011, the '073 Patent entitled "System And Method For Facilitating Bilateral And Multilateral Decision-Making" was duly and lawfully issued by the United States Patent and Trademark Office ("PTO"). The '073 Patent is attached hereto as Exhibit A.

10. Plaintiff is the exclusive licensee of the '073 Patent and possesses all rights of recovery under the '073 Patent, including the right to sue and recover all damages for infringement thereof, including past infringement.

## COUNT I – PATENT INFRINGEMENT

11. Paragraphs 1-10 are incorporated by reference as if fully restated herein.

12. Upon information and belief and in violation of 35 U.S.C. § 271(a), Defendant has infringed and continues to infringe one or more claims of the '073 Patent by making, using, providing, offering to sell, and selling (directly or through intermediaries), in this district and elsewhere in the United States, a computer implemented method for facilitating evaluation, in connection with the procurement or delivery of products or services, in a context of at least one of a financial transaction and operation of an enterprise, such context involving a first class of parties in a first role and a second class of counterparties in a second role.

13. More specifically, and by way of non-limiting example, Defendant offers for sale via the www.couchsurfing.org website ("Defendant Website") a method that facilitates evaluation between individuals seeking hospitality and individuals offering to provide hospitality, and/or vice versa.

14. For purposes of the '073 Patent, the Defendant Website executes a computer-implemented method for facilitating evaluation by hosting a web-based system facilitating evaluation between an individual seeking hospitality with an individual offering to provide hospitality, and/or vice versa. The Defendant Website retrieves first preference data from a digital storage medium, the first preference data received from the individual(s) registering on and/or using the Website, and assigns attribute levels based on the choices made by the

individuals (first class of parties). The Defendant Website retrieves second preference data from a digital storage medium, the second preference data received from the individuals registering on and/or using the Defendant Website, and assigns attribute levels based on the choices made by the individuals (counterparties). The Defendant Website performs multilateral analyses of the selected party's preference data, e.g., an individual seeking hospitality, and the preference data for each of the counterparties, e.g., individual's offering hospitality, and computes a closeness-of-fit value based thereon. Further, the Defendant Website uses the closeness-of-fit value to derive and provide a list to the selected party matching at least one of the counterparties, e.g., a list matching the individual seeking hospitality with individual's offering hospitality opportunities.

15. To the extent such notice may be required, Defendant received actual notice of its infringement of the '073 Patent at least as early as the filing of the original complaint in this action, pursuant to 35 U.S.C. § 287(a).

16. Defendant's aforesaid activities have been, intentional, without authority and/or license from Plaintiff.

17. Plaintiff is entitled to recover from the Defendant the damages sustained by Plaintiff as a result of the Defendant's wrongful acts in an amount subject to proof at trial, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

18. Defendant's infringement of Plaintiff's exclusive rights under the '073 Patent will continue to damage Plaintiff, causing irreparable harm for which there is no adequate remedy at law, unless enjoined by this Court.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Lumen View Technology LLC respectfully requests that this Court enter judgment against Defendant Couchsurfing International, Inc. as follows:

A.  An adjudication that Defendant has infringed the '073 Patent;

B.  An award of damages to be paid by Defendant adequate to compensate Plaintiff for its past infringement and any continuing or future infringement up until the date such judgment is entered, including interest, costs, and disbursements as justified under 35 U.S.C. § 284 and, if necessary to adequately compensate Plaintiff for Defendant's infringement, an accounting of all infringing sales including, but not limited to, those sales not presented at trial;

C.  A declaration that this case is exceptional under 35 U.S.C. § 285;

D.  An award to Plaintiff of its attorney fees, costs, and expenses incurred in prosecuting this action; and

E.  An award to Plaintiff of such further relief at law or in equity as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands trial by jury on all claims and issues so triable.

Dated:  February 1, 2013                    STAMOULIS & WEINBLATT LLC

*/s/ Stamatios Stamoulis*
Stamatios Stamoulis #4606
    stamoulis@swdelaw.com
Richard C. Weinblatt #5080
    weinblatt@swdelaw.com
Two Fox Point Centre
6 Denny Road, Suite 307
Wilmington, DE 19809
Telephone:  (302) 999-1540

*Counsel for Plaintiff*
*Lumen View Technology LLC*